IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MOYA,
guardian ad litem,

       Plaintiff,

v.                                                                                                        CIV 18-0104 JB/JHR

3316 22nd Ave SE. Rio Rancho, New Mexico,
Sandoval County, et al; APN: 1-013-067-081-112,
et al, INCLUDING ALL APPURTENANCES AND
IMPROVEMENTS THERETO; Lot 28 in Block 21 of
Rio Rancho Estates, Unit 16, a Subdivision in the City
of Rio Rancho, New Mexico, as the same is shown
and designated on the plat of said Subdivision, filed in
the Office of the County Clerk of Sandoval County,
New Mexico, on December 5, 1961, in Rio Rancho
Estates Plat Book 1, Folio 1, INCLUDING ALL
APPURTENANCES AND IMPROVEMENTS
THERETO and Land Patent for which was
recorded in the General Land office at the District
of Columbia, on July 29, 1920, signed by Woodrow
Wilson, President, Patent #764682; DEED OF TRUST
#78809, et al, Select Portfolio Servicing LLC. et al, Wells
Fargo Bank, N.A. as trustee f/b/o holders of Structured
Asset Mortgage Investments II Trust 2007-AR4,
Mortgage Pass-Through Certificates, Series 2007-AR4,
et al, INCLUDING ALL APPURTENANCES AND
IMPROVEMENTS THERETO…, et al…

       Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Defendants Wells Fargo Bank, N.A.'s, and Select Portfolio Servicing, Inc.'s ("Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Doc. 4*. The Honorable James O. Browning referred this matter to the undersigned "to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *Doc. 10*. The Court has reviewed the case file, including the documents

1

labeled "Objection" and "Response" by the Clerk,[1] as well as Defendants' Reply. *See Docs. 14, 15, 16*. Being satisfied that it has subject matter jurisdiction over the case,[2] the Court recommends that Plaintiff's Complaint against Defendants seeking to establish a claim to certain property by adverse possession be dismissed with prejudice.

## I) BACKGROUND

Plaintiff Cynthia Moya initiated suit in the Thirteenth Judicial District for the State of New Mexico by filing a document entitled "Presentment in for [sic] Adverse Claim of Possession." *See Doc. 1-1 at 4*. In this document, Plaintiff makes various references to her home, states the statutory minimum required to assert a claim of adverse possession (ten years), states that she has "been an (sic) absolute possession of the property for more than 22 years," and asserts that she is bringing "forth [her] claim of adverse possession of both the property and parcel for which [she] maintain[s] possession continuously, notoriously, openly, adversely, and

---

[1] These documents were not filed within the time period prescribed by this Court's Local Rules for a response to a motion. *See* D.N.M.LR-Civ. 7.4. However, the Court has the discretion to waive the Local Rules "to avoid injustice." D.N.M.L.R-Civ. 1.7. Here, Plaintiff is proceeding *pro se*, and Defendants filed a Reply in support of their Motion after she filed these documents past the deadline. *See Doc. 16*. Accordingly, the Court considered and liberally construed Plaintiff's arguments in opposition to Defendants' Motion. Ultimately, they are meritless for the reasons described herein.

[2] Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. Defendants asserted that the Court has subject matter jurisdiction over the claims under 28 U.S.C. § 1332(a), "because there is complete diversity of citizenship between Plaintiff Cynthia Moya on the one hand, and all Defendants on the other, and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs." *Doc. 1 at 2*. However, in so removing, Defendants acknowledge that they are not the only thing named in Plaintiff's Complaint, for she apparently names the property at issue as a Defendant. *Id. at 3*. Defendants contend that the real property is not a real party in interest, but is merely a nominal party, and so should be disregarded for the purpose of a diversity analysis. *Id.* However, this Court is one of limited jurisdiction; "thus there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." *Zambrano v. New Mexico Corrections Dept.*, 256 F.Supp.3d 1179, 1182 (D.N.M. 2017) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). To wit, the Supreme Court has constantly reaffirmed that Section 1332(a) requires complete diversity between all plaintiffs and all defendants. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Moreover, "[t]here is no mechanical or bright line rule for determining when a party should be viewed as merely a nominal or formal party for the purpose of diversity jurisdiction." *City of Carlsbad v. I&W, Inc.*, CIV 12-080 BB/CG, 2012 WL 12931286 at * 6 (D.N.M. 2012). Ultimately, the Court, having independently researched the basis for its jurisdiction, agrees with Defendants that "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy," *Navarro Sav. Ass'n v/ Lee*, 446 U.S. 458, 461 (1980), and concludes that the real property is a nominal or formal party in this case because Plaintiff seeks no particular relief against it. *See Becker v. Angle*, 165 F.2d 140, 142 (10th Cir. 1947); *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished).

lawfully[.]" *Id.* at 5-7. Interestingly, Plaintiff also incorporates by reference "the mortgage papers as well as the associated deed of trust" in her complaint. *Id.* at 6.[3] Nonetheless, as "affirmative relief," Plaintiff requests possession of the property. *Id.* at 7.[4]

Defendants assert that they are the holders of the Note and mortgage on the property at issue, and the loan servicing company. *See Doc. 1* at 4, *Doc. 1-3* at 2. They removed the case to this Court on February 1, 2018. *See generally Doc. 1*. Soon thereafter, Defendants filed their Motion to Dismiss. *Doc. 4*. Most basically, Defendants argue that Plaintiff's claim for adverse possession should be dismissed for want of establishing the elements thereof under New Mexico law. *See Doc. 4* at 4-5. Plaintiff's responsive documents set forth New Mexico's adverse possession statute, and appear to argue that she has satisfied the requirements thereof. *See Docs. 14*, *15*. Specifically, Plaintiff argues that she is in possession of the property, has paid the taxes on the property, has colorable title to the property, has enclosed it, has made improvements to it, for the statutory period of time, and possessed it in a hostile and notorious manner. *See Doc. 15* at 1. Additionally, Plaintiff argues that she is "not being permitted equal access to the court," that

---

[3] "In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits . . . and documents incorporated into the complaint by reference[.]" *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

[4] Plaintiff specifically states: "So I bring forth here my claim for compensation due to injury, damage, slander, libel, duress, assault – on both my property, my image, and my reputation--, and for possession of the property and parcel listed above, ***this is my home.***" *Doc. 1-1* at 7 (emphasis in original). Immediately preceding this statement, Plaintiff avers "[t]hat several financial institutions have filed false claims on my property over the years and must be held to account, and I am due compensation as a result of their malicious lies, false claims, and or in (sic) accurate record-keeping, ***this is my home.***" *Id.* As suggested by Defendants, these statements are insufficient to raise proper claims for relief under Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Doc. 4* at 7-8; *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) ("Under Rule 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) ("While we do not mandate the pleading of any specific facts in particular, there are certain details the Plaintiff should know and could properly plead to satisfy the plausibility requirement.").

the Court is holding her to a more stringent standard than an attorney, and it has failed to read her pleadings liberally, "ignoring [her] intent." *Doc. 15* at 3.

## II) LEGAL STANDARDS

At the outset, it is important to note Plaintiff's *pro se* status, as "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoted authority omitted). "This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Id.*

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). And, "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.* at 1192.

Here, the claim at issue – adverse possession – is governed by statute. *See* NMSA 1978, § 37-1-22 (1973). Under this statute, "[a]dverse possession is defined as 'an actual and visible appropriation of land, commenced and continued under a color of title and claim of right inconsistent with and hostile to the claim of another,'" *City of Rio Rancho v. Amrep Southwest,*

*Inc.*, 2011-NMSC-037, ¶ 21 , 260 P.3d 414 (quoting NMSA 1978, 37-1-22 (1973)), for a period of ten years. NMSA 1978, § 37-1-22 (1973). "The burden of proving adverse possession is on the party asserting it, and it must be proven by clear and convincing evidence." *Board of Trustees of the Tecolote Land Grant v. Griego*, 2005-NMCA-007, 104 P.3d 554 (citation omitted). Thus, "[a] party claiming ownership of land by adverse possession must prove by clear and convincing evidence continuous adverse possession for ten years under color of title, in good faith, and payment of taxes on the property during these years." *Id.* (quoting *Williams v. Howell*, 770 P. 2d 870, 872 (1989)). "If any one of the necessary elements required to establish title by adverse possession is lacking, title by adverse possession cannot be proven." *Slemmons v. Massie*, 1984-NMSC-108, ¶ 6, 690 P.2d 1027.

**III) ANALYSIS**

Defendants argue that Plaintiff has failed to establish that her possession is (or was) hostile to their interests. *See Doc. 4* at 5-6. The Court agrees that it is impossible for Plaintiff to have established open and hostile possession of the property for the statutory time period. "Adverse possession must be openly hostile. Divestiture of title by adverse possession rests upon the proof or presumption of notice to the true owner of hostile character of possession." *Apodaca v. Tome Land & Imp. Co. (NSL)*, 1978-NMSC-018, ¶ 19, 577 P.2d 1237 (quoted authority omitted). Black's Law Dictionary defines "hostile" as "adverse[,] showing ill will or a desire to harm[,] antagonistic, unfriendly." Black's Law Dictionary, 359 (4th Pocket Ed. 2011). "[A] mortgagor and mortgagee cannot be hostile to one another until one party repudiates the relationship, such as if the mortgagor defaults and the mortgagee forecloses on the property." *Asnake v. Deutsche Bank National Trust Co.*, CIV 18-0819 (JEB), --- F.Supp.3d ----, 2018 WL 2209208 at *3 (D.D.C. 2018); *see also Swinley v. Force*, 78 N.J. Eq. 52, 67, 78 A. 249, 255 (Ch.

1910) ("Dropping all theory and all fictions, the plain fact is that the mortgagor is in possession upon the distinct understanding and agreement that he shall remain in possession with the consent of the mortgagee until the loan is called.").

Foreclosure proceedings were commenced against Plaintiff and her husband in 2014, and an Order Granting Wells Fargo's Motion for Summary Judgment, Entering Decree of Foreclosure, and Ordering Judicial Foreclosure Sale, was entered on December 1, 2015. *See Doc. 1-3*; *see* D-1329-CV-201400071; Fed. R. Evid. 201. In other words, Plaintiff's and Defendants' interests were not adverse until 2014, at the earliest. *See Jeong v. Fed. Nat. Mortg. Ass'n*, 2014 WL 5808594, at *4 (W.D. Tex. Nov. 7, 2014) ("Specifically with respect to mortgagors in default who claim adverse possession, the statutory period does not begin to run until title to the property passes at the foreclosure sale.") (citing *Warnecke v. Broad*, 138 Tex. 631, 161 S.W.2d 453, 455 (Tex. 1942)). As such, Plaintiff cannot establish a claim for adverse possession because her possession of the property was not adverse or hostile to Defendants until her home was foreclosed upon. Having failed to establish the element of hostile possession, Plaintiff's claim necessarily fails. *See Pan Am. Petroleum Corp. v. Candelaria*, 403 F.2d 351, 355 (10th Cir. 1968) ("It has long been the law of New Mexico that if any one of the elements necessary to constitute adverse possession, namely, actual, visible, exclusive, hostile, and continuous possession, is lacking, then no title by adverse possession can ripen.") (citation omitted).

## I) CONCLUSION

For the foregoing reasons, the undersigned recommends that this case be dismissed with prejudice for failure to state a claim of adverse possession.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE